UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY R. QUAIR, SR.,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01397-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(Doc. 2)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Before the Court is Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.) Because Plaintiff has accrued three "strikes" under section 1915(g) and fails to show that he is under imminent danger of serious physical injury, the Court recommends that his motion be denied.

**I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

///

## II. DISCUSSION

The Court takes judicial notice of three of Plaintiff's prior actions that were dismissed for failure to state a claim on which relief can be granted[1]: (1) *Quair, Sr. v. Vento, et al.*, No. 1:14-cv-01616-AWI-BAM (E.D. Cal. March 21, 2017); (2) *Quair v. Board of Supervisors, et al.*, No. 1:19-cv-00902-DAD-SKO (E.D. Cal. July 6, 2020); and (3) *Quair v. Board of Supervisors, et al.*, No. 1:19-cv-00993-DAD-BAM (E.D. Cal. Aug. 11, 2020). Each of these cases was dismissed before Plaintiff initiated the current action on September 20, 2021. Plaintiff is therefore precluded from proceeding *in forma pauperis* unless he was under imminent danger of serious physical injury at the time he filed his complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

Plaintiff alleges officials at Kings County Jail denied him access to the courts and retaliated against him for filing grievances and a lawsuit regarding the jail's COVID-19-related policies. (*See* Doc. 1.) Plaintiff's allegations do not show that he was under imminent danger of serious physical injury at the time he filed suit.

In an abundance of caution, the Court issued Plaintiff an order to show cause why his motion to proceed *in forma pauperis* should not be denied. (Doc. 4.) Plaintiff filed a response on October 12, 2021. (Doc. 6.) Therein, Plaintiff does not allege or argue that he was in imminent danger of physical injury when he filed suit. Rather, he states that he "went crazy for . . . 9-11 days" and "could not follow through" on Case No. 1:19-cv-00993-DAD-BAM. (*Id.* at 1-2.) Plaintiff's response does not call into question that this case or any of the other cases named above were dismissed for failure to state a claim.

## III. CONCLUSION, RECOMMENDATIONS, AND ORDER

Based on the foregoing, the Court RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,
2. This action be DISMISSED without prejudice to refiling upon prepayment of the filing fee.

The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 13, 2021**         /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE